UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

JASLYNN SENDON,

Plaintiffs,

-against-

AVELINA TORRES, LAMBERT TORRES,
PI ZETA CHAPTER OF THE CHI PHI FRATERNITY, and
THE CHI PHI FRATERNITY, INC.,

Defendants.

-----------------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

Docket No.:

Plaintiff JASLYNN SENDON, by and through her attorneys, RAS ASSOCIATES, PLLC complaining of the Defendants, AVELINA TORRES, LAMBERT TORRES, PI ZETA CHAPTER OF THE CHI PHI FRATERNITY, and THE CHI PHI FRATERNITY, INC., alleges upon information and belief:

**JURY DEMAND**

1. Plaintiffs demand a trial by jury on all issues.

**JURISDICTION AND VENUE**

2. Jurisdiction in this matter is based upon the diversity provisions of 28 U.S.C. §1332.

3. The amount in controversy exceeds the sum of SEVENTY FIVE THOUSAND and 00/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

4. Venue is proper in the district pursuant to 28 U.S.C. § 1391(a) as the Plaintiff is domiciled within this district.

5. That at all times mentioned herein, Plaintiff is and was a domiciliary of the State of New York, County of Westchester, residing at 295 North Washington Street, Sleepy Hollow, NY 10591.

6. That on and prior to November 1, 2014, Defendant, AVELINA TORRES, was a domiciliary of the State of New Jersey, County of Hudson, residing at 45 Independence Way, Jersey City, NJ 07305.

7. That at all times hereinafter mentioned, Defendant, AVELINA TORRES, owned a building, property, and structures, known as 144-146 Washington Street, Binghamton, NY 13901.

8. That at all times hereinafter mentioned, Defendant, AVELINA TORRES, operated the aforesaid building, property, and structures known as 144-146 Washington Street, Binghamton, NY 13901.

9. That at all times hereinafter mentioned, Defendant, AVELINA TORRES, maintained the aforesaid building, property, and structures known as 144-146 Washington Street, Binghamton, NY 13901.

10. That at all times hereinafter mentioned, Defendant, AVELINA TORRES, controlled the aforesaid building, property, and structures known as 144-146 Washington Street, Binghamton, NY 13901.

11. That at all times hereinafter mentioned, Defendant, AVELINA TORRES, managed the aforesaid building, property, and structures known as 144-146 Washington Street, Binghamton, NY 13901.

12. That on and prior to November 1, 2014, Defendant, LAMBERT TORRES, was a domiciliary of the State of New Jersey, County of Hudson, residing at 45 Independence Way, Jersey City, NJ 07305.

13. That at all times hereinafter mentioned, Defendant, LAMBERT TORRES, owned a building, property, and structures, known as 144-146 Washington Street, Binghamton, NY 13901.

14. That at all times hereinafter mentioned, Defendant, LAMBERT TORRES, operated the aforesaid building, property, and structures, known as at 144-146 Washington Street, Binghamton, NY 13901.

15. That at all times hereinafter mentioned, Defendant, LAMBERT TORRES, maintained the aforesaid building, property, and structures, known as144-146 Washington Street, Binghamton, NY 13901.

16. That at all times hereinafter mentioned, Defendant, LAMBERT TORRES, controlled the aforesaid building, property, and structures known as 144-146 Washington Street, Binghamton, NY 13901.

17. That at all times hereinafter mentioned, Defendant, LAMBERT TORRES, managed the aforesaid building, property, and structures known as 144-146 Washington Street, Binghamton, NY 13901.

18. That on and prior to November 1, 2014, Defendant, PI ZETA CHAPTER OF THE CHI PHI FRATERNITY, was an organization with a physical presence at, and recognized by, the State University of New York College at Binghamton ("SUNY Binghamton").

19. That on and prior to November 1, 2014, Defendant THE CHI PHI FRATERNITY, INC., was a national social fraternity incorporated under and by virtue of the Laws of the State of Georgia.

20. That on and prior to November 1, 2014, Defendant THE CHI PHI FRATERNITY, INC., maintained a principal place of business in the State of Georgia, County of Gwinnett, at 1160 Satellite Blvd. Suwanee, GA 30024.

21. That on and prior to November 1, 2014, Defendant PI ZETA CHAPTER OF THE CHI PHI FRATERNITY was an active and recognized chapter of Defendant THE CHI PHI FRATERNITY, INC.

22. That on and prior to November 1, 2014, Defendant THE CHI PHI FRATERNITY, INC. exercised supervision and control over Defendant PI ZETA CHAPTER OF THE CHI PHI FRATERNITY.

23. That on and prior to November 1, 2014, Defendant PI ZETA CHAPTER OF THE CHI PHI FRATERNITY was an agent of Defendant THE CHI PHI FRATERNITY, INC.

24. That at all times hereinafter mentioned, the premises at 144 Washington Street, Binghamton, NY 13901 was leased and occupied by Defendants PI ZETA CHAPTER OF THE CHI PHI FRATERNITY and THE CHI PHI FRATERNITY, INC., (hereinafter "FRATERNITY Defendants").

25. That at all times hereinafter mentioned, The Fraternity Defendants operated the aforesaid building, property, and structures located at 144-146 Washington Street, Binghamton, NY 13901.

26. That at all times hereinafter mentioned, the Fraternity Defendants maintained the aforesaid building, property, and structures located at 144-146 Washington Street, Binghamton, NY 13901.

27. That at all times hereinafter mentioned, the Fraternity Defendants controlled the aforesaid building, property, and structures located at 144-146 Washington Street, Binghamton, NY 13901.

28. That at all times hereinafter mentioned, the Fraternity Defendants managed the aforesaid building, property, and structures located at 144-146 Washington Street, Binghamton, NY 13901.

29. That on and prior to November 1, 2014, the Fraternity Defendants held, sponsored and promoted social parties at the premises located at 144-146 Washington Street, Binghamton, NY 13901.

30. That on and prior to November 1, 2014, Defendants, CHI PHI FRATERNITY, regularly used "bubble machines" at social parties they held, sponsored and promoted at the premises located at 144-146 Washington Street, Binghamton, NY 13901.

31. That on and prior to November 1, 2014, Defendants, CHI PHI FRATERNITY, regularly used "bubble machines" at social parties they held, sponsored and promoted at the premises located at 144-146 Washington Street, Binghamton, NY 13901.

32. That at all times hereinafter mentioned, Defendants had actual and constructive notice of unreasonably dangerous slippery and wet conditions caused by water accumulation and pooling from the aforementioned bubble machines used at social parties held, sponsored and promoted at the premises located at 144-146 Washington Street, Binghamton, NY 13901.

33. That the soapy water accumulation and pooling from the aforementioned bubble machines created an unreasonably dangerous and hazardous trap-like condition, in that water accumulation and pooling endangered all guests and invitees at the premises located at 144-146 Washington Street, Binghamton, NY 13901.

34. That the water accumulation and pooling from the aforementioned bubble machines created an unreasonably dangerous and hazardous trap-like condition, in that water accumulation and pooling endangered all guests, invitees, and the general public at the premises located at 144-146 Washington Street, Binghamton, NY 13901.

35. That at all relevant times herein, as owners, occupants, and/or lessees of the premises located at 144-146 Washington Street, Binghamton, NY 13901 (hereinafter the subject "Premises"), Defendants operated, maintained, controlled, managed, and otherwise cared for the physical condition of the interior areas of said Premises.

36. That at all relevant times herein, the Fraternity Defendants invited guests into the Subject Premises for purposes of a party held and hosted by the Fraternity Defendants.

37. That at all relevant times herein, and prior to November 1, 2014, Defendants AVELINA TORRES, and LAMBERT TORRES were aware of the uses of the Subject Premises made by the Fraternity Defendants, including for hosting fraternity events, and parties, specifically.

38. That on and prior to November 1, 2014, by reason of their respective positions as owners, occupants, managers, operators, and/or lessees of the Premises, Defendants were responsible for the

maintenance of the interior areas within the subject Premises open to guests, invitees and the general public.

39. That on and prior to November 1, 2014, by reason of their respective positions as owners, occupants, managers, operators and/or lessees of the Premises, Defendants were responsible for the prevention, remediation and removal of water accumulation caused by the aforementioned bubble machines.

40. That at all relevant times herein, Defendants, as owners, occupants, lessees, managers, operators and/or lessees of the subject Premises, failed to properly maintain and repair the aforesaid interior common areas open to guests, invitees and the general public at the Premises.

41. That at all times hereinafter mentioned, the Defendants had a duty to maintain, repair, and inspect the subject Premises, and keep said Premises, and specifically, the interior common areas open to guests, invitees and the general public in good repair and reasonably safe condition.

42. That on and prior to November 1, 2014, Defendants, jointly and severally, as owners, lessees, managers, and operators of the subject Premises, had a duty of reasonable care to remove soapy water accumulation from the interior common areas of the Premises open to guests, invitees and the general public.

43. That on November 1, 2014, the Plaintiff, JASLYNN SENDON, was caused to sustain serious and permanent personal injuries as a result of a defective and dangerous condition upon the Premises.

**AS AND FOR A FIRST CAUSE OF ACTION IN**
**PREMISES LIABILITY BASED ON NEGLIGENCE**

44. Plaintiff repeats and reiterates each and every allegation contained in paragraphs of the complaint "1" through "43" as if fully set forth herein.

45. That the Defendants, as owners, operators, managers, and maintainers of the aforesaid Premises were under a duty to keep and maintain said Premises in a reasonably safe condition, to

exercise reasonable care for the safety of persons lawfully within and upon the premises, and to take reasonable steps to prevent foreseeable injury to persons lawfully within and upon the premises due to soapy water accumulation from bubble machines used at social parties held, sponsored and promoted at the Premises.

46. That the aforesaid incident and resulting injuries to Plaintiff were a result of the negligence, carelessness and recklessness of Defendants, its agents, servants and/or employees, in the ownership, operation, management, and maintenance of the subject Premises, in failing to keep and maintain said Premises in a reasonably safe condition, in failing to take reasonable steps to prevent foreseeable injury to persons lawfully within and upon the Premises, in failing to exercise reasonable care to protect persons from foreseeable injury at the Premises, and in causing and/or allowing a dangerous condition to exist upon the Premises.

47. That as a result of the negligence, carelessness and recklessness of the Defendants as aforesaid, Plaintiff, JASLYNN SENDON, was caused to sustain serious and permanent personal injuries.

48. That as a result of the foregoing, the Plaintiff, JASLYNN SENDON, has been damaged in an amount exceeding the jurisdictional limits of all lower courts, and demands judgment from the Defendants thereon.

**AS AND FOR A SECOND CAUSE OF ACTION FOR**
**PREMISES LIABILITY BASED ON A CREATED CONDITION**

49. Plaintiff repeats and reiterates each and every allegation contained in paragraphs of the complaint "1" through "48" as if fully set forth herein.

50. That at all times herein mentioned, Defendants owned, leased, operated, ran, and maintained a fraternity or fraternal organization at the subject Premises, and operated, managed, maintained and controlled all activities of the fraternity.

51. That at all times herein mentioned, the Fraternity Defendants were holding, sponsoring, and/or promoting a social party at the fraternity located at the subject Premises, with the express and/or implied consent of Defendants AVELINA TORRES and LAMBERT TORRES.

52. That at all times herein mentioned, Defendants used or permitted to be used a bubble machine at a social party at the fraternity located at the subject Premises, with the express and/or implied consent of Defendants AVELINA TORRES and LAMBERT TORRES.

53. That at all times herein mentioned, Defendants, as owners, lessees, operators, managers, and maintainers of the aforesaid fraternity located at the subject Premises, and as holders, sponsors, and promoters of the aforesaid party, were under a duty to keep the premises in a reasonably safe condition for persons lawfully within and upon the Premises.

54. That at all times herein mentioned, Defendants, as owners, lessees, operators, managers, and maintainers of the aforesaid fraternity located at the subject Premises, and as holders, sponsors, and promoters of the aforesaid party, had reasonable cause to anticipate water accumulation and pooling through the use of a bubble machine, causing a slippery and wet condition throughout the interior common areas of the Premises.

55. That Plaintiff's accident, and the injuries sustained as a result thereof, were caused by reason of Defendants' failure to keep the Premises in a reasonably safe condition, creating an unsafe trap-like, hazard condition, and having actual and constructive notice of said condition and failing to take appropriate remedial action.

56. That as a result of Defendants' failures negligent conduct and failure to remedy an open and apparent unsafe condition, the Plaintiff, JASLYNN SENDON, was caused to sustain severe and permanent personal injuries as aforesaid.

57. That as a result of the foregoing, the Plaintiff, JASLYNN SENDON, has been damaged in an amount exceeding the jurisdictional limits of all lower courts, and demands judgment from the defendants thereon.

**AS AND FOR A THIRD CAUSE OF ACTION FOR NEGLIGENT SUPERVISION**

58. Plaintiff repeats and reiterates each and every allegation contained in paragraphs of the complaint "1" through "57" as if fully set forth herein.

59. That at all times herein mentioned, the Fraternity Defendants sold, offered and/or otherwise provided alcohol for attendees of an event hosted by the Fraternity Defendants at the Subject Premises, with the express and/or implied permission or consent of Defendants AVELINA TORRES and LAMBERT TORRES.

60. That at all times herein mentioned, on and prior to November 1, 2014, Defendants AVELINA TORRES and LAMBERT TORRES knew or should have known that the Fraternity Defendants sold, offered and/or otherwise provided alcohol for attendees of events hosted by the Fraternity Defendants at the Subject Premises.

61. That at all times herein mentioned, Defendants, by and through their agents, servants and/or employees, knew, should have known, or had reasonable cause to believe that certain attendees at the fraternity party hosted at the Subject Premises were engaging in activities, including but not limited to utilizing a bubble machine, thereby creating dangerous conditions at the Subject Premises.

62. That at all times herein mentioned, Defendants, by and through their agents, servants and/or employees, had a duty of care to Plaintiff at the Subject Premises, to properly and reasonably supervise and control the party attendees at the Subject Premises so as to maintain the Subject Premises in a reasonably safe condition and avoid unreasonable risk of harm to others, including Plaintiff.

63. That at all times herein mentioned, Defendants, by and through their agents, servants, and/or employees, knowingly, intentionally, recklessly, and/or carelessly caused and permitted attendees at their fraternity party to become intoxicated, permitted the premises to become unreasonably crowded, and otherwise permitted the Subject Premises to be and become unreasonably dangerous to its occupants.

64. That Plaintiff's accident, and the injuries sustained as a result thereof, were caused, in part, by reason of the aforesaid dangerous conditions caused and/or permitted by Defendants, by and through their agents, servants and/or employees.

65. That by reason of the foregoing, the Defendants were negligent, careless, and reckless in failing to properly supervise the Subject Premises.

66. That as a result of the foregoing, the Plaintiff, JASLYNN SENDON, was caused to sustain severe and permanent personal injuries as aforesaid.

67. That as a result of the foregoing, the Plaintiff, JASLYNN SENDON, has been damaged in an amount exceeding the jurisdictional limits of all lower courts, and demands judgment from the defendants thereon.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR DRAM SHOP LIABILITY**

68. Plaintiff repeats and reiterates each and every allegation contained in the paragraphs of the Complaint and Jury Demand numbered "1" through "67" as if fully set forth herein.

69. That at all relevant times herein, Defendants unlawfully procured, sold, and dispensed alcoholic beverages to attendees at the Subject Premises who were already visibly intoxicated.

70. That by reason of the foregoing, Defendants are liable to Plaintiff pursuant to New York General Obligations Law §11-100.

71. That as a result of the violation of the New York General Obligations Law §11-100 on the part of the Defendants, the Plaintiff, JASLYNN SENDON, was caused to sustain severe and permanent personal injuries as aforesaid.

72. That as a result of the foregoing, the Plaintiff, JASLYNN SENDON, has been damaged in an amount exceeding the jurisdictional limits of all lower courts, and demands judgment from the defendants thereon.

WHEREFORE, Plaintiff demands judgment along with the costs, disbursements and attorneys' fees of this action as follows:

(1) Upon the First Cause of Action in the amount of two million ($2,000,000.00) dollars and demands recovery from each of the Defendants, jointly and severally, therefor; and

(2) Upon the Second Cause of Action in the amount of two million ($2,000,000.00) dollars, and demands recovery from each of the Defendants, jointly and severally, therefor;

(3) Upon the Third Cause of Action in the amount of two million ($2,000,000.00) dollars, and demands recovery from each of the Defendants, jointly and severally, therefor; and

(4) Upon the Fourth Cause of Action in the amount of two million ($2,000,000.00) dollars, and demands recovery from each of the Defendants, jointly and severally, therefor;

Together with such other and further relief as this Court deems just and proper.

Dated: Purchase, New York
May 15, 2015

Yours, etc.

Luis F. Ras, Esq. (LFR 9989)
RAS ASSOCIATES, PLLC
Attorneys for Plaintiff
2500 Westchester Avenue, Suite 320
Purchase, New York 10577
(914) 289-2909