USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/28/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASLYNN SENDON,

               Plaintiff,

  -against-

AVELINA TORRES, LAMBERT TORRES, PI
ZETA CHAPTER OF THE CHI PHI FRATERNITY,
and THE CHI PHI FRATERNITY, INC.,

               Defendants.

No. 15-cv-04538 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

     Plaintiff Jaslynn Sendon ("Plaintiff") brings this action against Avelina Torres and Lambert Torres ("Torres Defendants"), the Pi Zeta chapter of the Chi Phi fraternity ("Pi Zeta"), and the Chi Phi Fraternity, Inc. ("Chi Phi") (collectively, "Defendants") for injuries that she sustained while attending a party thrown by members of Pi Zeta at Binghamton University. Before the Court is Defendants' motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

     The following facts are derived from the Complaint, unless otherwise noted, and are accepted as true for purposes of this motion. On June 11, 2015, Plaintiff commenced this action against Defendants in federal court for personal injuries sustained as a result of slipping and falling on a wet and slippery floor at the Pi Zeta chapter of the Chi Phi Fraternity at Binghamton University. Plaintiff is a New York domiciliary. The Torres Defendants are New Jersey domiciliaries. Chi Phi is a corporation registered in the state of Georgia. Pi Zeta, which contends that it is an unincorporated association, is a fraternal organization which operates at Binghamton

University, in the state of New York. Plaintiff's basis for jurisdiction is the diversity of citizenship of the parties.

Pi Zeta moved to dismiss the instant case on the basis that the Court does not have subject matter jurisdiction over Plaintiff's claims because the parties are not diverse. Pi Zeta contends that, as an unincorporated association, it has citizenship in any state in which one of its members has citizenship. Furthermore, it contends that since one of its members is a resident of the state of New York, complete diversity of the parties does not exist, and the Court therefore lacks subject matter jurisdiction. Plaintiff argues, however, that Pi Zeta should be considered a unitary part of the Georgia entity of Chi Phi, with its domicile in the state of Georgia.

## STANDARD OF REVIEW

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In assessing whether there is subject matter jurisdiction, the Court must accept as true all material facts alleged in the complaint, *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009), but "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings." *Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

## DISCUSSION

It is well established that federal courts are courts of limited jurisdiction. *See Willy v. Coastal Corp.*, 503 U.S. 131, 136 (1992); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365,

374 (1978). One basis of federal jurisdiction is diversity jurisdiction, which gives the district court jurisdiction over cases between "citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity jurisdiction does not exist "unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen*, 437 U.S. at 373 (emphasis in original).

Courts presume that a cause lies outside its limited jurisdiction, placing the burden of establishing the contrary upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994) (citing *Turner v. Bank of North America*, 4 U.S. 8, 11 (1799); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Therefore, a plaintiff seeking to bring a case in federal court has the burden of establishing diversity jurisdiction. *Pariente v. Scott Meredity Literary Agency, Inc.*, 771 F. Supp. 609, 613 (S.D.N.Y. 1991).

Pi Zeta argues that the Court lacks diversity jurisdiction over the instant action. It contends that it is an unincorporated association and therefore a citizen of any state in which a member is a citizen for diversity purposes. Plaintiff asserts, on the other hand, that Pi Zeta is not an unincorporated association but an extension and agent of Chi Phi, operating out of the state of Georgia.

The Supreme Court has defined an unincorporated association as "a body of persons united without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise." *Hecht v. Malley,* 265 U.S. 144, 157 (1924). New York similarly defines an unincorporated association as, "[a]ny partnership, or other company of persons, which has a president or treasurer" under Section 13 of the New York General Associations Law.  N.Y. GEN. ASS'NS LAW § 13. At least one federal court has found a local fraternity chapter to be an unincorporated association when determining its domicile for purposes of diversity jurisdiction. *Hazel v. Beta Omicron Chapter of Sigma Nu Fraternity House Corp.*,

2009 WL 677325, at *3 (E.D. Tenn. Mar. 12, 2009) (local fraternity chapter is an unincorporated association because it does not operate under a charter, therefore diversity jurisdiction did not exist because two members were citizens of the same state as plaintiff). *See also Waddill v. Phi Gamma Delta Fraternity Lambda Tau Chapter Tex. Tech Univ.*, 114 S.W.3d 136, 141 (Tex. App. 2003) (explaining that a fraternity chapter is an unincorporated association which "is a voluntary group of persons, without a charter, formed by mutual consent for the purpose of promoting a common enterprise or prosecuting a common objective," whereas "[a] corporation—whether for-profit or not-for-profit—is a distinct legal entity which comes into existence by a charter from the state." (internal quotation marks omitted)). Additionally, federal courts and New York State courts also have acknowledged local fraternity chapters as unincorporated associations, where the issue was not in dispute. *See Lewis v. University of Southern Mississippi*, 227 F. App'x 340 (5th Cir. 2007); *Alpha Tau Omega Fraternity, Inc. v. Pure Country, Inc.*, 2004 WL 3391781, at *1 (S.D. Ind. Oct. 26, 2004); *Kappa Sigma Fraternity v. Kappa Gamma Fraternity*, 654 F. Supp. 1095, 1096 (D.N.H. 1987); *Mu Chapter of Delta Kappa Epsilon, by Swett v. Colgate Univ.*, 176 A.D.2d 11, 12 (3rd Dep't 1992). For the purposes of diversity jurisdiction, an unincorporated association adopts the citizenship of each of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *Chapman v. Barney*, 129 U.S. 677 (1889).

In the instant case, the Court finds that Pi Zeta is an unincorporated association because it is "a body of persons united without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise." *Hecht*, 265 US at 177. Plaintiff does not contend that a charter exists.

Furthermore, despite Plaintiff's contentions to the contrary, Pi Zeta is separate and distinct from Chi Phi. Plaintiff cites two cases in support of the proposition that Pi Zeta is *not* separate from Chi Phi, both of which are unpersuasive. First, Plaintiff cites *Craine v. NYSARC, Inc.*, which analyzes the "separateness" of a not-for-profit organization and its parent and finds that the chapter is an unincorporated association because it, among other factors, elects its own officers, hires and trains its own employees, maintains its own bank accounts, operates its own programs, and purchases real property from its own revenues. 88 A.D.3d 1105, 1107 (3rd Dep't 2011). Pi Zeta has provided a copy of their bylaws, which include in detail its membership requirements, officer positions and responsibilities, meeting information, and budget and finances. (Reply Affirmation of Kenneth T. Boyd in Support of Defendant's Motion to Dismiss for Lack of Jurisdiction, Exhibit 1, ECF No. 34:1.)  As the court in *Craine* concluded, "[g]iven these markers of autonomy, we find that the Chapter has sufficient separate existence to be considered an unincorporated association." *Id.*

Second, Plaintiff cites *The Resource Ctr. v. NYSARC, Inc.*, which discusses whether a local chapter must abide to the parent's bylaws. 38 Misc. 3d 257 (Sup. Ct. 2009), *aff'd sub nom. Res. Ctr. v. NYSARC, Inc.*, 74 A.D.3d 1750 (2010). The local chapter sought a declaration that it was an unincorporated association, but this issue was not addressed by the court. *Id.* at 258. In fact, the court went on to make its ruling "no matter what structure [the local chapter] might be." *Id.* The case therefore has no bearing on the determination of Pi Zeta's organizational form.

Finally, Plaintiff attempts to support her argument by providing evidence of a link to the Pi Zeta chapter on the Chi Phi website, which lists the Chi Phi National Headquarters address in the footer.[1] The webpage lists no information about Pi Zeta, and every page on the Chi Phi

---

[1] *See Pi Zeta Chapter – The Chi Phi Fraternity,* http://www.chiphi.org/group/pi-zeta-chapter (last visited April 27, 2016).

Case 7:15-cv-04538-NSR-JCM   Document 47   Filed 04/28/16   Page 6 of 6

website includes this same footer. Plaintiff also cites the Chi Phi Fraternity LinkedIn page, stating that there is no specific Pi Zeta chapter page.[2] These sources are immaterial, as an online presence is not a relevant factor—and does not provide strong evidence—in determining whether Pi Zeta is a separate and distinct entity from Chi Phi.

Because Pi Zeta is an unincorporated association, it adopts the citizenship of each of its members. *Carden*, 494 U.S. at 199. Eli Jossen, a member of Pi Zeta at the time of the incident, is a domiciliary of New York State.[3] Plaintiff is also a domiciliary of New York State. Accordingly, the Court lacks subject matter jurisdiction over the case because complete diversity does not exist. *See Handelsman v. Bedford Village Assoc. Ltd. P'ship*, 213 F.3d 48 (2d Cir. 2000) (diversity was destroyed because plaintiffs and some defendants were citizens of the same state).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED. The Court respectfully directs the Clerk to terminate the motion at ECF No. 27 and to close the case.

Dated: April 28, 2016                          SO ORDERED:
       White Plains, New York

                                               _____
                                               NELSON S. ROMÁN
                                               United States District Judge

---

[2] *See Chi Phi Fraternity | LinkedIn*, https://www.linkedin.com/company/chi-phi-fraternity (last visited April 27, 2016).

[3] "Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). Defendants provided an affidavit by Eli Jossen stating that he resides in New York and intends to stay there, as well as a copy of Eli Jossen's driver's license. (*See* Affidavit of Eli Jossen in Support of Defendants' Motion to Dismiss for Lack of Jurisdiction, ECF No. 31; Reply Affirmation of Kenneth T. Boyd in Support of Defendant's Motion to Dismiss for Lack of Jurisdiction, Exhibit 3, ECF No. 34:3.)